IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | **CRIMINAL ACTION** |
| v. | ) ) | No. 12-10089-09 |
| JUAN TORRES, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on the government's motion to revoke the magistrate's order of release. (Doc. 141). The court held an evidentiary hearing on May 22, 2012. The government's motion is denied and Magistrate Judge Kenneth Gale's order granting bond is affirmed, with conditions, for the reasons herein.

**Procedural History**

On April 16, 2012, pursuant to 18 U.S.C. § 1959(a)(5), defendant was indited on 3 counts of violent crimes in aid of racketeering and one count of possession and discharge of a firearm in furtherance of a crime of violence. On May 18, 2012, Magistrate Judge Gale held a detention hearing. The government moved for detention pursuant to 18 U.S.C. § 3142(e). Magistrate Judge Gale denied the government's motion, but stayed the Order of Release for twenty-four hours. That same day, Magistrate Judge Gale issued an order setting forth the conditions for defendant's release.

The government moved to revoke the magistrate's order on May 21. This court held an evidentiary hearing on May 22. Both the government and defendant made certain proffers during the hearing.

**Legal Standard**

Pursuant to 18 U.S.C. § 3145(a)(1), the government may seek review of a magistrate judge's order of release. The district court's review of a magistrate judge's order of release is de novo. <u>United States v. Cisneros</u>, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). A de novo evidentiary hearing, however, is not required. The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted. <u>United States v. Torres</u>, 929 F.2d 291, 292 (7th Cir. 1991). The Federal Rules of Evidence do not apply to detention hearings. <u>See</u> 18 U.S.C. § 3142(f). The Court may allow the parties to present information by proffer or it may insist on direct testimony. <u>See</u> <u>id.</u>

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the court must take into account the available information concerning

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties,

>    past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>        (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>    (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act also provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with an offense under section 924(c) of title 18 of the United States Code. See 18 U.S.C. § 3142(e). "A grand jury indictment provides the probable cause required by the statute to trigger the presumption." United States v. Carlos, 777 F. Supp. 858, 860 (D. Kan. 1991)(citing United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990)). The grand jury indictment in this case charges defendant with possession and discharging a firearm in furtherance of a crime of violence, and thus raises the rebuttable presumptions of risk of flight and danger to the community. Id.

The burden of production on defendant to overcome the presumption is not a heavy one, but defendant must produce some evidence. Stricklin, 932 F.2d at 1354-55. Even if defendant overcomes the presumption, the presumption remains a factor in the Court's detention decision. Id. The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. United States

-3-

v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002)(burden of persuasion regarding risk of flight and danger to community always remains with government). The government must prove dangerousness to any other person or the community by clear and convincing evidence. Id. at 1252.

## Analysis

### A. Nature And Circumstances Of The Offense

During the hearing, the government informed the court that the discharge of a firearm count is a violent crime and has a minimum term of ten years which runs consecutive to any sentence on the racketeering counts, thereby triggering the rebuttable presumption for detention. This factor favors detention.

### B. Weight Of The Evidence

During the hearing, the government proffered evidence of events which occurred on October 4, 2008. The government contends that defendant and three additional members of the Nortenos street gang, all co-defendants, arrived one block away from a Dodge City residence in which Rumalda Hipolito and her son, Abel Hernandez, were living. The government proffered that defendant and the co-defendants believed that this residence was occupied by rival gang members. The government asserts that defendant was armed with a firearm and shots were fired at the residence. Rumalda and Abel were both struck but did not die.

This factor therefore favors detention.

### C. History And Characteristics Of Defendant

Defendant is not married but has been dating Griselda Ochoa for eight years. Defendant and Ochoa have a one year old daughter

together. Prior to his arrest, defendant worked for National Beef in Dodge City. Defendant has been informed that he may re-apply for his position upon his release. Most of defendant's family reside in Dodge City, Kansas. If released, defendant will live with Ochoa and his daughter in Dodge City. Defendant does have some extended family in Mexico. Defendant, however, is a citizen and has not been to Mexico since he visited four years ago to attend a funeral.

Defendant has a criminal record. However, defendant has not previously been charged with a felony. Defendant's past crimes include harassment by telephone, an open container violation, consumption by a minor and driving under the influence. Defendant has only served two days in jail for his past criminal charges.

Defendant's family ties to Kansas suggest that he is not a flight risk. Defendant's history also suggests that he would likely follow conditions of pretrial release. Ochoa's brother and sister both live in Wichita and would provide defendant with housing when defendant is in Wichita for hearings.

**D. Danger To The Community**

Before releasing defendant on any set of conditions, the Court must be satisfied that defendant will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). The government has not met its burden to show by clear and convincing evidence that defendant would pose a risk of physical danger to the community.

The government offered into evidence interactions defendant had

with Dodge City police officers.[1] The interactions note that defendant either admitted he was a member of the DV gang or that defendant was in the company of known gang members. The most recent interaction occurred in 2011. However, the interaction notes that defendant informed the officer that he is not as involved with the gang because of his daughter. Prior to the interaction in 2011, Dodge City police had not recorded defendant's involvement with known gang members since October 2010.

Turning to defendant's criminal history, the court finds that the criminal charges are not significant. While defendant's current charges are serious in nature, they allegedly occurred more than four years ago and when defendant was a juvenile. Since that time, defendant has not been charged with a serious crime.

### Conclusion

Based upon the evidence proffered at the hearing and the record before the court, the court finds that defendant has met his burden to rebut the presumption that there are no conditions of release which will ensure the safety of the community. In order to satisfy the court that defendant will return for further proceedings in this case, defendant must post a surety bond with the clerk's office in the amount of $50,000 as an additional condition of his release. All other requirements set forth in Magistrate Gale's order setting conditions of release must also be complied with.

The government's motion is accordingly denied. (Doc. 141). It is ordered that defendant be released pending trial on the conditions

---

[1] The interactions are noted by police officers when they come into contact with gang members.

set forth above.

       IT IS SO ORDERED.

       Dated this  22nd    day of May 2012, at Wichita, Kansas.

                                         s/ Monti Belot
                                         Monti L. Belot
                                         UNITED STATES DISTRICT JUDGE