**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| v. | ) | No. 12-10089 |
| JUAN TORRES, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion to dismiss. (Doc. 419). The court held an evidentiary hearing on February 4, 2013.

**I.   Facts**

On April 16, 2012, the grand jury returned an indictment against 23 defendants. The indictment alleges 38 counts, including charges of violent crimes in aid of racketeering, conspiracy and felon in possession of a firearm. The indictment alleges that defendants were engaged in a criminal organization, the Nortenos gang, whose members engaged in narcotics distribution and acts of violence involving murder and robbery. These crimes were alleged to have been committed in Dodge City, Kansas. Defendant Juan Torres is charged in four counts. The events concerning the charges occurred on October 4, 2008.

According to government counsel, on that date, Torres was with friends at the home of Abel Hernandez, a member of the Surenos, a rival gang to the Nortenos. Torres and other unidentified individuals had a dispute with Hernandez. Torres and other unidentified

individuals left Hernandez' home and returned with weapons. Torres and other individuals fired the weapons at Hernandez' home while they drove by in a vehicle. Two individuals in the home were shot.

In October 2008, state authorities did not have any information to believe that Torres was involved in the drive by shooting.

In the summer of 2010, the federal authorities began investigating the Nortenos gang in Dodge City. After the summer of 2010, leads from a confidential informant identified another potential witness to the October 2008 shooting. That witness was not located and interviewed until January 2011. In the interview, the witness disclosed that Torres was involved in the October 2008 shooting. At some point, the authorities also learned that Eric Sanchez was involved in the drive by shooting.

The witness who identified Torres in the shooting testified on March 30, 2011, before the grand jury concerning the events of October 2008. Assistant United States Attorney (AUSA) Aaron Smith did not present the grand jury with an indictment at that time. Smith and AUSA Lanny Welch presented additional evidence before the grand jury over the next several months. There were an additional sixteen civilian witnesses who testified before the grand jury concerning the charges against all defendants.

Prior to the presentation of the indictment, the AUSA, in accordance with Department of Justice policy, sought approval from DOJ to proceed. The approval process began February 2012. DOJ approved the indictment in April 2012. The indictment was presented to the grand jury on April 16, 2012. At the time of presentment, Torres was

twenty-one years old.[1] At the time of alleged crime, Torres was seventeen years old. Eric Sanchez was not charged in the indictment due to his age and his role as a minimal participant. Sanchez was a juvenile at the time of the indictment.[2]

AUSA Smith testified that there were no discussions about delaying the presentation of the indictment due to Torres' age. The indictment includes several charges which allege crimes occurring from August 2008 until February 5, 2012.

## II. Analysis

Torres argues that the prosecutor's delay in seeking an indictment against him was prejudicial because Torres cannot utilize the protections of the Federal Juvenile Delinquency Act (Act). The Act establishes certain procedural protections for juveniles that may remove them from the ordinary criminal justice system and place them in a separate scheme of treatment and rehabilitation. United States v. Hoo, 825 F.2d 667 (2d Cir. 1987). The Act applies only to the prosecution of "juveniles" who are charged with having committed acts of "juvenile delinquency." See 18 U.S.C. § 5032.

> A "juvenile" is a person who has not attained his eighteenth birthday, or for the purpose of proceedings and disposition under this chapter for an alleged act of juvenile delinquency, a person who has not attained his twenty-first birthday, and "juvenile delinquency" is the violation of a law of the United States committed by a person prior to his eighteenth birthday which would have been a crime if committed by an adult.

Id.

The Act further provides certain procedures for juveniles who

---

[1] Torres' birth date is February 22, 1991.

[2] Sanchez' date of birth is unknown.

-3-

committed acts of juvenile delinquency, including a requirement that the Attorney General make a motion to transfer the juvenile to adult proceedings. "In applying Section 5031, the courts have consistently held that a defendant who is alleged to have committed a crime before his eighteenth birthday may not invoke the protection of the Juvenile Delinquency Act if criminal proceedings begin after the defendant reaches the age of twenty-one." Hoo, 825 F.2d at 669-70 (citing In re Martin, 788 F.2d 696, 697-98 (11th Cir. 1986); United States v. Araiza-Valdez, 713 F.2d 430, 432-33 (9th Cir. 1983); United States v. Doe, 631 F.2d 110, 112-13 (9th Cir. 1980)). Torres was twenty-one at the time of the indictment. Therefore, the protections of the Act do not apply to him.

Torres asserts that the delay in filing the indictment was due to improper prosecutorial motive and that the delay prejudiced him because he cannot now invoke the protections of the Act. "The standards by which the constitutionality of preindictment delay must be tested are (1) that the defense must be substantially prejudiced by the delay and (2) that the reasons for the prosecutor's delay must be improper." Martinez v. Romero, 661 F.2d 143, 144 (10th Cir. 1981). With respect to prejudice, Torres has not established that the end result in this case would have been different if Torres had been indicted when he was under twenty-one years of age. The Act provides that a juvenile who committed an Act of juvenile delinquency may be charged in federal court if the offense charged is a crime of violence and there is a substantial federal interest. 18 U.S.C. 5032. AUSA Smith testified that he would have sought certification from the court if the indictment had been presented to the grand jury when Torres was

20 years old. Torres has not cited any authority which would support the conclusion that this court would decline jurisdiction, i.e. deny certification, given the facts alleged in the indictment.

Torres has also failed to establish that the delay was due to an improper reason on behalf of the prosecutor. The investigation by the federal government included numerous witnesses and defendants. The case was presented to the grand jury over a period of several months. There is no evidence that AUSA Smith prolonged the presentation of the indictment on the basis of Torres' age. Rather, the evidence before the court is that this case is complex, with 23 defendants, many counts and a significant number of witnesses. Therefore, Torres has failed to establish that the government had an improper reason to delay the presentation of the indictment.

### III. Conclusion

Torres' motion to dismiss the indictment due to preindictment delay is denied. (Doc. 419).

IT IS SO ORDERED.

Dated this __6th__ day of February 2013, at Wichita, Kansas.

s/ Monti Belot<br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE