IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,          )
                                   )
                  Plaintiff,       )      **CRIMINAL ACTION**
                                   )
v.                                 )      No. 12-10089
                                   )
GONZALO RAMIREZ,                   )
                                   )
                  Defendant.       )
_____)

## MEMORANDUM AND ORDER

This case comes before the court on defendant Gonzalo Ramirez' motion to dismiss. (Doc. 544). Co-defendants Pedro Garcia, Angel Cerda, Juan Torres, and Andrew Gusman move to join in Ramirez' motion. (Docs. 546, 548, 550, 558). The motions to join are granted. Ramirez' motion to dismiss has been fully briefed and is ripe for decision. (Doc. 565). The motions are denied for the reasons herein.

## I.    Facts

On April 16, 2012, the grand jury returned a 38-count indictment against 23 defendants. All defendants are alleged in count 1 to be members of a criminal organization, the Nortenos gang. However, only eight defendants are charged in count 1 with being a participant in the overall RICO conspiracy in violation of 18 U.S.C. § 1962(d). Count 1 of the indictment alleges the members of the Nortenos gang engaged in narcotics distribution and acts of violence involving murder and robbery committed in Dodge City, Kansas. The indictment further alleges that the racketeering conspiracy began in 2008 and continued through the date of the indictment. In Counts 2-12, 14-21, 23, 24, 26-28 and 38, some of the defendants are charged with VICAR

offenses in violation of various sections of 18 U.S.C. § 1959. The remaining counts generally charge drug and weapons violations.

## II. Analysis

Ramirez is charged in counts 1 through 13 of the indictment.[1] Ramirez argues that the indictment may violate the Double Jeopardy Clause and should be dismissed. Ramirez' argument is difficult to follow. Ramirez states that he is uncertain whether any of the VICAR counts set forth in the indictment are the predicate acts listed in count 1 and requests that the court order the government to specify its "theory," i.e. to identify the two predicate offenses underlying the RICO conspiracy charged in Count 1. The government responds that it has provided defendants with all discovery relating to alleged crimes that qualify as predicate acts. Notably, both Ramirez and the government fail to cite United States v. Randall, 661 F.3d 1291 (10th Cir. 2011) and United States v. Harris, 695 F.3d 1125 (10th Cir. 2012) and United States v. Cornelius, 696 F.3d 1307 (10th Cir. 2012), cases which discuss the elements of a § 1962(d) RICO conspiracy.

In Randall, the Tenth Circuit specifically addressed the issue of predicate acts following the United States Supreme Court decision in Salinas v. United States, 522 U.S. 52 (1997). The Circuit agreed with some of its sister circuits and held that the specific predicate acts that a defendant agreed to commit need not be alleged or proved for a section 1962(d) offense. Randall, 661 F.3d at 1297. Rather, "a jury need only be unanimous as to the types of predicate

---

[1] Garcia is charged in counts 1 through 9 of the indictment. Cerda and Torres are charged in counts 10 through 13 of the indictment. Gusman is charged in counts 19 through 22 of the indictment.

racketeering acts that the defendant agreed to commit, not to the specific predicate acts themselves." Id. at 1299 (emphasis supplied). Therefore, the government does not have to identify the two predicate offenses underlying count 1.

Ramirez further argues that a "successive prosecution double jeopardy issue" would arise if his previous drug conviction for which he is currently serving a sentence is a predicate act for the charge in count 1. (Doc. 544 at 6). Ramirez is incorrect. The Tenth Circuit has held that "Congress envisioned that a RICO conviction and sentence could be based upon a predicate crime for which the defendant has already been punished." United States v. Hampton, 786 F.2d 977, 980 (10th Cir. 1986).

Finally, Ramirez asserts that the charges in the indictment are multiplicious and violate the Double Jeopardy Clause because they charge a conspiracy in one count and the substantive offense in the subsequent count. "[T]he government may prosecute successively a conspiracy and the substantive offenses it encompasses. This rule has been interpreted to allow prosecution of a defendant once for a RICO conspiracy and thereafter for the predicate offense constituting a pattern of racketeering activity." United States v. Saccoccia, 18 F.3d 795, 798 (9th Cir. 1994), cert. denied, 116 S. Ct. 1322 (1996)(citing United States v. Esposito, 912 F.2d 60, 66 (3d Cir. 1990), cert. dismissed, 111 S. Ct. 806 (1991)); see also Hampton, 786 F.2d at 980. Ramirez has not cited any authority which overrules these cases or the additional cases cited by the government. (Doc. 565 at 13-14).

Therefore, the RICO conspiracy charged in count 1 can include the allegations contained in the substantive offenses. Moreover, the

government does not violate the Double Jeopardy Clause by alleging both a VICAR conspiracy and a VICAR substantive offense. <u>United States v. Johnson</u>, 977 F.2d 1360, 1371 (10th Cir. 1992)(It "is well settled that commission of a substantive offense and a conspiracy to commit it are separate crimes.")

**III. Conclusion**

Ramirez' motion to dismiss is denied. (Doc. 544).


IT IS SO ORDERED.

Dated this <u>  2nd  </u> day of April 2013, at Wichita, Kansas.


<u>s/ Monti Belot</u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE